## Case No. 5,837.

GRISWOLD et al. v. LAWRENCE.

[1 Blatchf. 599.] [1]

Circuit Court, S. D. New York. Oct. Term, 1850.

CUSTOMS DUTIES — APPRAISEMENT AT TIME AND PLACE OF EXPORTATION—PAYMENT UNDER PROTEST.

1. Where goods are imported from the country of their production, they must, under section 16 of the act of August 30, 1842 (5 Stat. 563), for the purpose of fixing their dutiable value, be appraised at their market value in that country at the time of their purchase.

2. Where the importer claimed that certain goods should be appraised at their value abroad at the time of their purchase, and the collector directed them to be appraised at their value at the time of their exportation, they having risen in value in the meantime, and the importer, for the purpose of obtaining possession of the goods, and of avoiding the penalty imposed by section 8 of the act of July 30, 1846 (9 Stat. 43), for an excess by 10 per cent. in the appraised value over the value in the entry, added to the cost of the goods a sum which made their value equal to their value abroad at the time of their exportation, and paid duties on that value under protest: *Held*, that the payment of the duties was not voluntary.

This was an action brought by the plaintiffs [Nathaniel L. and George Griswold] against the defendant [Cornelius W. Lawrence], collector of the port of New-York, to recover back an excess of duties paid upon sugars imported from Manilla in the island of Luzon into that port. The sugars were purchased at Manilla in February and March, 1847; but their shipment was delayed, in consequence of the vessel sent out for the cargo having become disabled by stress of weather, till the month of August in that year. The sugars were the production of the island from which they were shipped to this country. The collector, under instructions from the secretary of the treasury, had directed all goods and merchandize, whether shipped from the country of production or manufacture, or from a country other than that of production or manufacture, to be appraised according to their market value in

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the principal markets of the country, as the case might be, at the time of the exportation. The goods had risen in value in the market at Manilla between the times of the purchases and the time of shipment, and the plaintiffs, at the time of the entry, to avoid the penalty imposed by section 8 of the act of July 30, 1846 (9 Stat. 43), where the appraised value exceeds by 10 per cent. the value in the entry, added to the cost of the purchases as given in the invoice, a sum which, in the aggregate, made the value of the goods equal to their market value at Manilla at the time of their exportation, and paid the duties on the same. The addition was made and the duties were paid under protest, and to avoid the penalty aforesaid, the plaintiffs claiming that, according to law, they were bound to pay duties only upon the market value of the goods at Manilla at the times of the purchases. This action was then brought. At the trial a verdict was taken for the plaintiffs, subject to the opinion of the court on a case to be made.

Daniel Lord, for plaintiffs.
J. Prescott Hall, Dist. Atty., for defendant.

NELSON, Circuit Justice. The question presented in this case involves the true construction of the sixteenth section of the act of August 30, 1842 (5 Stat. 563). The section provides, that the collector shall "cause the actual market value or wholesale price" of the goods, "at the time when purchased, in the principal markets of the country from which the same shall have been imported into the United States, &c., to be appraised, estimated, and ascertained, and to such value or price shall be added all costs and charges, &c.: provided, that in all cases where goods, &c., shall have been imported into the United States from a country in which the same have not been manufactured or produced, the foreign value shall be appraised and estimated according to the current market value or wholesale price of similar articles at the principal markets of the country of production or manufacture, at the period of the exportation of said goods, &c., to the United States."

The above extract contains the material parts of the section upon which the question depends; and we must say, that if a different opinion had not been expressed elsewhere, of deserved respect, we could not have entertained a doubt upon the true construction to be given to the law. The language is clear and explicit, and the whole section is obviously drawn with studied care and caution.

The enacting clause provides that, in all cases of goods imported into the United States liable to duties, they shall be appraised according to the market value at the time of purchase in the principal markets of the country from which they have been imported; and it is made the special duty of the appraisers, by all reasonable ways and means in their power, to ascertain the true market

value, (any invoice or affidavit to the contrary,) of the goods at the time when purchased; and then follows the exception, that in all cases where the goods shall have been imported from a country other than that of production or manufacture, the value shall be appraised according to the market value of similar articles at the principal markets of the country of production or manufacture at the period of exportation.

The same distinction, in respect to the rule to be adopted in ascertaining the foreign value, is found in the act of March 1, 1823 (3 Stat. 732, § 5), but not in the act of May 19, 1828, or in that of July 14, 1832 (4 Stat. 273, § 8; Id. 591, § 7). The time of purchase was adopted under the latter two acts, whether the goods were imported from the country of production, or from a different country. The rule prescribed in the act of 1823 is again found in the act of 1842, and which regulates the valuation of dutiable articles upon which the duties are assessed under the act of July 30, 1846. The goods, in this case, having been imported from the country in which they were produced, the market value of the article in the foreign country should have been taken, as it stood at the times of the several purchases. We do not perceive how any other construction can be given consistently with the words of the act.

It was urged on the argument, that the payment of the duties in this case was voluntary, inasmuch as the plaintiffs were not compelled to make the addition to the cost of the articles at the time of the entry. We think otherwise. The addition was made and the excessive duties were paid under protest, and to obtain possession of the goods, and to avoid the penalty to which the goods would have been subject under the erroneous rule applied in the appraisal. The verdict having been taken subject to the opinion of the court, there must be a judgment for the plaintiffs.[2]

---

[2] The principle of this decision was affirmed by the supreme court in the cases of Greely v. Thompson, 10 How. [51 U. S.] 225, and Maxwell v. Griswold, Id. 242.

